IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TREVOR WILLIAMS                                                                                    PLAINTIFF

v.                                              No. 3:23-cv-31-DPM

D&H CONTRACTING INC.                                                                       DEFENDANT

## JOINT MOTION FOR APPROVAL AND DISMISSAL

Plaintiff Trevor Williams (Plaintiff) and Defendant D&H Contracting Inc. (Defendant) (collectively, the Parties), by and through their undersigned counsel, and for their Joint Motion for Approval and Dismissal, state:

1. Plaintiff filed his Original Complaint on February 6, 2023, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11–4–201 *et seq*. *See doc. 1*, ¶ 2. Plaintiff alleged that he worked hours, including overtime hours, for which he was not properly compensated. *See id.* at ¶¶ 2, 23-31.

2. Defendant denies that Plaintiff was not properly compensated for all hours worked, including overtime hours, thereby creating a bona fide dispute as to wages owed. Specifically, Defendant maintains that Plaintiff was paid for each hour that he worked, including overtime hours at a rate of one and a half times his regular rate, for all workweeks during the relevant time period.

3. Although Plaintiff originally brought this action individually, as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Fed. R. Civ. P. 23, Plaintiff has not moved to certify the FLSA collective action or Rule 23 class action and has abandoned those claims.

1

4.	The Parties engaged in discovery, which included both written discovery and the Plaintiff's deposition, and exchanged documentation regarding Plaintiff's claims and the time records, pay records, compensation, and other issues related to the underlying merits of the claims against Defendant as well as defenses thereto.

5.	Following negotiations between counsel, the Parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) for Plaintiff resolving Plaintiff's claims for back wages, excluding attorney fees and costs, and requesting dismissal of those claims with prejudice. A copy of the proposed Settlement Agreement is attached hereto as **Exhibit A**.

6.	To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other court have scrutinized such settlement for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

2

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

7.  Here, the proposed settlement between the Parties represents a fair and equitable compromise of a bona fide wage and hour dispute. The settlement follows litigation, including the sharing of relevant information by experienced counsel representing the Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a jury trial, and potentially, an appeal.

8.  The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

The FLSA provides for an award of reasonable attorney fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have agreed to negotiate the amount of attorney fees and costs separately. If the parties from are unable to reach an agreement, Plaintiff's counsel will submit a petition for fees and costs directly to the Court within 30 days of an entry approving the Settlement Agreement, to which Defendant will respond within 14 days with any objections. The parties agree

that the Court's Order setting a reasonable amount for attorney fees and costs will be paid by Defendant as a part of the settlement of Plaintiffs' claims in this lawsuit.

9. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's claims for back wages and all other relief—other than for Plaintiff's claims for reasonable attorney fees and costs—as sought in the Complaint in this action. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice but retain jurisdiction for the enforcement of the Settlement Agreement and the resolution of attorney fees and costs as stated herein.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiff's claims against Defendant, other than his claim for a reasonable attorney fee and costs, and approving the Settlement Agreement.

Respectfully submitted,

Chris Burks (Ark. Bar No. 2010207)
WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, Arkansas 72214
(501) 891-6000
Email: chris@wh.law

***Attorney for Plaintiff***

- and -

Brett W. Taylor (Ark. Bar No. 2014175)
Ross E Simpson (Ark. Bar No. 2016241)
Rose Law Firm, a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Phone: 501-371-9999 / Fax: 501-375-1309
btaylor@roselawfirm.com
rsimpson@roselawfirm.com

***Attorneys for Defendant***